IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROVIO ENTERTAINMENT LTD., | § § § | |
| *Plaintiff*, | § § | |
| v. | § | Case No.: 3:13-cv-04719-G |
| AM WHOLESALE INC., *et al*, | § § § § | |
| *Defendants*. | § | |

# BRIEF IN SUPPORT OF DEFENDANTS' UNOPPOSED MOTION TO EXTEND TIME TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT

**TO THE HONORABLE U.S. DISTRICT JUDGE:**

NOW COME, AM WHOLESALE, INC., ALI RAZA RAVJANI, AMAFHH INTERNATIONAL, INC., AMAFHH CENTER, INC. and MOHSIN RAZA RAVJANI, Defendants, and file this their Brief in Support of Defendants' Motion to Extend Time to Answer or Otherwise Respond to Plaintiff's Complaint and would show the Court as follows:

## I.   Introduction

Rovio Entertainment Ltd. (hereinafter "Plaintiff") filed its Original Complaint on November 27, 2013, against, *inter alia*, AM Wholesale, Inc., Ali Raza Ravjani, AMAFHH International, Inc., AMAFHH Center, Inc. and Mohsin Raza Ravjani (hereafter collectively "Defendants"). According to the returns of service filed in this Court, AM Wholesale, Inc., AMAFHH International, Inc. and AMAFHH Center Inc. were served with process on January 11, 2014, therefore making February 1, 2014, the deadline for each to file an answer. Furthermore, according to the Plaintiff's counsel declaration of proof of service filed in this Court, Mr. Line, co-counsel for Ali Raza Ravjani and Moshin Raza Ravjani, accepted service of

process on their behalf on February 3, 2014, therefore, under the Federal Rules, making February 24, 2014, the deadline for each to file an answer. However, in exchange for co-counsel's agreement to accept service of process, Plaintiff's counsel "agreed" that Ali Raza Ravjani and Moshin Raza Ravjani would have until February 21, 2014 to answer the complaint, even though the Federal Rules permit each answer to be filed no later than February 24, 2014.

Thus, on or about the time that answers were due for AM Wholesale, Inc., AMAFHH International, Inc. and AMAFHH Center, Inc., Ali Raza Ravjani and Moshin Raza Ravjani, each an agent for at least one of the named Defendant corporations, obtained counsel for the corporations as well for themselves individually. About that same time is when co-counsel accepted service of process for Ali Raza Ravjani and Moshin Raza Ravjani as discussed above.

However, Mr. Line (a co-counsel in this case) is not licensed before the bar of the Northern District of Texas. Consequently, he along with the Defendants sought other, additional counsel that is licensed before this Court and that specializes in intellectual property law. As a result, the undersigned counsel was officially retained by Defendants on February 24, 2014.

Defendants are requesting an extension of time to answer or otherwise respond to Plaintiff's Complaint until and including March 10, 2014. This represents an extension of fourteen (14) days for Ali Raza Ravjani and Mohsin Raza Ravjani and thirty-seven (37) days for AM Wholesale, Inc., AMAFHH International, Inc. and AMAFHH Center, Inc.

## II.    Argument and Authority

Federal Rule of Civil Procedure 6(b) provides that the Court may, for good cause, extend a deadline "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The U.S. Supreme Court has established four (4) factors to consider when determining whether a party's actions constitute excusable neglect,

including "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993). "Excusable neglect," the Court said, is an "'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the [movant's] control." *Id.* at 392. The term extends to "simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id.* at 388.

Moreover, excusable neglect includes "late filings resulting from mistake, inadvertence or carelessness." *Impala African Safaris, LLC v. Dallas Safari Club, Inc.*, 2013 WL 7083924 (N.D.Tex. 2013); *Mattress Giant Corp. v. Motor Adver. & Design Inc.,* 2008 WL 898772 (N.D.Tex. 2008). Late filings that do not result in prejudice to the opposing party and that, if allowed, would have negligible impact on judicial proceedings constitute excusable neglect. *See Flores v. Koster*, 2012 WL 6850976 (N.D.Tex. 2012), *report and recommendation adopted*, 2013 WL 145885 (N.D.Tex. 2013). Also, actions demonstrating good faith on the part of a late-filing party is an important inquiry when determining if excusable neglect exists. *Mattress Giant*, 2008 WL at *2 (finding that movant's effort to secure an extension of time to answer exhibited good faith).

Here, Defendants have acted in good faith. AM Wholesale, Inc., AMAFHH International, Inc. and AMAFHH Center, Inc. obtained counsel at about the time each answer was due. Defendants' counsel also accepted service of process for Ali Raza Ravjani and Mohsin Raza Ravjani and secured an agreement of extension with Plaintiff's counsel. However, because the counsel Defendants initially retained was not a member of the Northern District of Texas bar, Defendants along with their counsel had to seek other, additional counsel who are licensed to

practice in this Court. By initially seeking legal counsel, the Defendants exhibited a good faith effort to respond to the Complaint. Moreover, their initial counsel exhibited good faith by seeking out other counsel that could represent the Defendants before this Court. The Defendants have not attempted to delay these proceedings but have in good faith attempted to correctly and appropriately respond to the litigation with which they now face.

Additionally, Plaintiff will not be prejudiced if the Court grants this Motion because the litigation is at a very early stage. Just a few days for Ali Raza Ravjani and Mohsin Raza Ravjani and a few weeks for AM Wholesale, Inc., AMAFHH International, Inc. and AMAFHH Center, Inc. have passed since the deadline to answer. Furthermore, Plaintiff does not oppose the extension of time for Defendants or this Motion.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully move this Court to extend the deadline to answer or otherwise respond to Plaintiff's Complaint to and including March 10, 2014, and for such other and further relief to which Defendants may be justly entitled.

Respectfully Submitted,

**GAGNON, PEACOCK & VEREEKE P.C.**
4245 N. Central Expressway
Suite 250, Lock Box 104
Dallas, Texas 75205
Telephone:  (214) 824-1414
Facsimile:   (214) 824-5490
Email:  attorneys@gapslaw.com

By: /s/    Aaron P. Peacock
    Aaron P. Peacock
    State Bar No. 24060399
    J.B. Peacock, Jr.
    State Bar No. 15678500
    David M. Vereeke
    State Bar No. 20547500

ATTORNEYS FOR DEFENDANTS
AM WHOLESALE, INC., ALI RAZA
RAVJANI, AMAFHH INTERNATIONAL,
INC., AMAFHH CENTER, INC. and
MOHSIN RAZA RAVJANI

## CERTIFICATE OF CONFERENCE

This is to certify that on February 25, 2014, Aaron Peacock, counsel for Defendants, conferred with Ashly Sands, counsel for Plaintiff, in regard to this Motion.  Plaintiff is unopposed.

/s/    Aaron P. Peacock
Of Gagnon, Peacock & Vereeke, P.C.

## CERTIFICATE OF SERVICE

The following document was served on Steven Abbott and Ashly Sands (and all parties receiving electronic service) per the local and federal rules of procedure via either forwarding the same as first-class mail with the United States Postal Service or by causing same to be filed in this case via electronic transmission via portable document format (.pdf) to the EM/ECF Internet web portal for this Court in this case on the 28th day of February, 2014.

/s/    Aaron P. Peacock
Of Gagnon, Peacock & Vereeke, P.C.