**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| ROVIO ENTERTAINMENT LTD., | § | |
| | § | |
| | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | Case No.: 3:13-cv-04719-G |
| | § | |
| AM WHOLESALE INC., *et al*, | § | |
| | § | |
| | § | |
| | § | |
| *Defendants*. | § | |

**DEFENDANTS' MOTION TO DISMISS**

**TO THE HONORABLE U.S. DISTRICT JUDGE:**

NOW COME, AM WHOLESALE, INC., ALI RAZA RAVJANI, AMAFHH INTERNATIONAL, INC., AMAFHH CENTER, INC. and MOHSIN RAZA RAVJANI, Defendants, and file this their Motion to Dismiss and would show the Court as follows:

**I.      Introduction**

Rovio Entertainment Ltd. (hereinafter "Plaintiff") filed its Original Complaint on November 27, 2013, against, *inter alia*, AM Wholesale, Inc., Ali Raza Ravjani, AMAFHH International, Inc., AMAFHH Center, Inc. and Mohsin Raza Ravjani (hereafter collectively "Defendants") alleging copyright infringement, trademark counterfeiting, infringement of Plaintiff's federally registered trademarks, false designation of origin and unfair competition.

In the lawsuit against Defendants, Plaintiff asserts the following federally registered trademark registrations: U.S. Reg. Nos.: 4,200,545, 4,148,716, 3,976,576, 4,252,003, 4,145,113, 3,988,064 (collectively hereinafter "Trademark Registrations") for a wide variety of goods and

services in Classes 3, 9, 14, 16, 18, 20, 21, 24, 25, 27, 28, 29, 30, 32, 33, 34, 35, 36, 38, 41 and 43. (*See* Plaintiff's Original Complaint, Pg. 11).

Plaintiff is a company organized under Finnish law, having its principal place of business at Espoo, Finland. (*See* Plaintiff's Original Complaint, Pg. 3).  Plaintiff obtained from the United States Patent & Trademark Office (hereinafter "USPTO) the '545, '576, '003 and '064 federal registrations through a "Request for Extension of Protection in the United States" pursuant to the Madrid Protocol (a treaty entitled "the Madrid System of the International Registration of Trademarks"), said treaty codified, in part, under § 66A of the Lanham Act.  Furthermore, the Plaintiff obtained the '716 and '113 federal registrations pursuant to the Paris Convention (a treaty entitled "the Paris Convention for the Protection of Industrial Property"), said treaty codified, in part, under § 44 of the Lanham Act.

Because Plaintiff's obtained the trademark registrations through §§ 66A and/or 44(e) of the Lanham Act, Plaintiff, unlike domestic trademark applicants, did not have to present evidence to the USPTO that it was using the mark in U.S. commerce in connection with the goods and services listed in its applications for the USPTO to grant the registrations.  *See* 15 U.S.C. § 1141h(a)(3); *see* also *Crocker Nat'l Bank v. Canadian Imperial Bank of Commerce*, 223 U.S.P.Q. 909 (T.T.A.B. 1984). *Accord Lane Ltd. v. Jackson Int'l Trading Co.*, 33 U.S.P.Q.2d 1351 (T.T.A.B. 1994) ("An applicant under Section 44 of the Lanham Act need not have used the applied-for mark anywhere in the world prior to filing").  Instead, Plaintiff only had to certify to the USPTO that it has a bona fide intent to use the mark in U.S. commerce with all the listed goods and services. *See* 15 U.S.C. §1141f.

In its trademark registrations, Plaintiff lists hundreds and hundreds of goods and services, a staggering and unbelievable amount.  So unbelievable, in fact, that Plaintiff could not have had

the requisite bona fide intent as required by U.S. law.  Moreover in its complaint, Plaintiff does not allege that it is using its marks in U.S. commerce in connection with the goods and services listed in its trademark registrations.

Because Plaintiff has alleged scant to no use in of the mark in connection with goods and services and because its trademark registrations were procured through the Madrid Protocol and Paris Convention whereby no evidence of use of the mark in connection with the applied-for goods and services were provided to the USPTO, Plaintiff's trademark counterfeiting, infringement of registered trademark and false designation of origin claims should be dismissed. In the alternative, Plaintiff should be required to amend its trademark registrations to delete all unused goods and services before Defendants are required to answer the lawsuit, so that Defendants can adequately and properly answer the lawsuit.

Defendants' authority and arguments in support of its Motion to Dismiss are set forth in their Brief in Support of Defendants' Motion to Dismiss.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully move this Court to dismiss Plaintiff's trademark counterfeiting, infringement of registered trademark and false designation of origin claims, or in the alternative, require that Plaintiff amend its international registration to delete all unused goods and services before Defendants are required to answer the lawsuit and for such other and further relief to which Defendants may be justly entitled.

Respectfully Submitted,

**GAGNON, PEACOCK & VEREEKE P.C.**
4245 N. Central Expressway
Suite 250, Lock Box 104
Dallas, Texas 75205
Telephone:  (214) 824-1414
Facsimile:   (214) 824-5490
Email:  attorneys@gapslaw.com


By:   /s/    *Aaron P. Peacock*
        Aaron P. Peacock
        State Bar No. 24060399
        J.B. Peacock, Jr.
        State Bar No. 15678500
        David M. Vereeke
        State Bar No. 20547500

ATTORNEYS FOR DEFENDANTS
AM WHOLESALE, INC., ALI RAZA
RAVJANI, AMAFHH INTERNATIONAL,
INC., AMAFHH CENTER, INC. and
MOHSIN RAZA RAVJANI


## CERTIFICATE OF SERVICE

The following document was served on Steven Abbott and Ashly Sands (and all parties receiving electronic service) per the local and federal rules of procedure via either forwarding the same as first-class mail with the United States Postal Service or by causing same to be filed in this case via electronic transmission via portable document format (.pdf) to the EM/ECF Internet web portal for this Court in this case on the 10th day of March, 2014.


/s/    *Aaron P. Peacock*
Of Gagnon, Peacock & Vereeke, P.C.

---