**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| ROVIO ENTERTAINMENT LTD., | § § § | |
| *Plaintiff*, | § | |
| v. | § | Case No.: 3:13-cv-04719-G |
| | § | |
| AM WHOLESALE INC., *et al*, | § § § | |
| | § | |
| *Defendants*. | § | |

**DEFENDANT AM1 WHOLESALE, INC.'S**
**UNOPPOSED MOTION TO SET ASIDE ENTRY OF DEFAULT**

**TO THE HONORABLE U.S. DISTRICT JUDGE:**

NOW COMES, AM1 Wholesale, Inc., Defendant and asks the Court to set aside the entry of default, as authorized by Federal Rule of Civil Procedure 55(c).

### I.  Introduction

1. Plaintiff is Rovio Entertainment, Ltd.; Defendant is AM1 Wholesale, Inc. (herein after referred to as "AM1").

2. Plaintiff sued AM1 along with twenty-two (22) additional defendants for copyright infringement arising under the Copyright Laws of the United States, 17 U.S.C. § 101 et seq.; for counterfeiting in violation of 15 U.S.C. §§ 1114, 1116(d), and 1117(b)-(c); for trademark infringement in violation of §32 of the Lanham Act, 15 U.S.C. § 1114; and for false designation of origin and unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended (15 U.S.C. §1125(a)).

3. On April 14, 2014, the clerk entered a default against Defendant AM1.

4. Upon information and belief, the principal of Defendant AM1, Mohammad Ravjani, is residing in Pakistan because he was deported by the United States government and sent to Pakistan. Upon information and belief, Mohammed Ravjani was deported before the commencement of this litigation.

5. The undersigned counsel represents Mohsin Ravjani who is a Defendant in this case. Through the undersigned counsel, Mohsin Ravjani has appeared and has moved the Court to dismiss the lawsuit under Rule 12b(6) which the Court is considering at this time.

6. The undersigned counsel just recently became aware of the fact that Moshin Ravjani is an officer and/or director of Defendant AM1.

7. Because Moshin Ravjani is an officer and/or director of Defendant AM1, Mohsin Ravjani can speak on behalf of and legally bind Defendant AM1.

8. Therefore, Defendant AM1 requests that the Court set aside the Entry of Default against Defendant AM1 so that Defendant AM1 can properly put forth a defense. The undersigned counsel filed this motion quickly after learning that Mohsin Ravjani is a officer and/or director of Defendant AM1.

## II.  Argument

9. A court may grant a motion to set aside entry of default upon a showing of good cause. Fed. R. Civ. P. 55(c); *Sims v. EGA Prods., Inc.*, 475 F.3d 865, 868 (7th Cir. 2007); *Lacy v. Sitel Corp.*, 227 F.3d 290, 291-92 (5th Cir. 2000). In determining whether there is good cause, the court should consider (1) the prejudice to plaintiff if the default is set aside, (2) the existence of a meritorious defense, and (3) defendant's culpable conduct. *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010); *Indigo Am., Inc. v. Big*

*Impressions, LLC*, 597 F.3d 1, 3 (1st Cir. 2010); *United States ex rel. Shaver v. Lucas W. Corp.*, 237 F.3d 932, 933 (8th Cir. 2001).

10. There is good cause to set aside the default in this case for the following reasons:

a. Setting aside the entry of default in this case will not prejudice Plaintiff. *Indigo Am., Inc.*, 597 F.3d at 4; *Lacy*, 227 F.3d at 293. Plaintiff has not yet filed its motion for default judgment against AM1. Furthermore, the litigation is only in its initial stages and discovery has not yet commenced. Plaintiff is, therefore, not prejudiced by the appearance at this time of AM1 in this lawsuit

b. AM1 has a meritorious defense, as shown in its answer that is attached to its motion for leave to file its original answer, said motion being filed contemporaneously with this motion. *Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1094; *Indigo Am., Inc.*, 597 F.3d at 4-5; *Lacy*, 227 F.3d at 293-94. Specifically, Defendant AM1 alleges that Plaintiff's has not sold or offered to sell any goods or services in U.S. commerce that would infringe Plaintiff's copyright or trademark rights. Furthermore, Defendant AM1 alleges that, among other things, the doctrine of fair use bars Plaintiff's suit against it. Additionally, Defendant AM1 alleges that Plaintiff committed fraud on the United States Patent & Trademark Office when it obtain its trademark registrations because it did not possess the requisite intent to use the marks in U.S. commerce. Even further, Defendant AM1 alleges that Plaintiff has not used its marks in U.S. commerce, and as a result, does not have any trademark rights in the United States. In its answer, Defendant AM1 has asserted counterclaims to cancel Plaintiff's trademark registrations.

c. AM1's failure to answer was not willful. *Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1092-93; *Indigo Am., Inc.*, 597 F.3d at 3-4. Upon information and

belief, Mohammed Ravjani was never served personally with summons despite the declaration of Demetria Robinson (Doc 91-2).

11. In addition, the Court should grant the motion to set aside entry of default because Defendant AM1 was not properly served. *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003).

12. The Court should grant the motion to set aside entry of default because the entry of default would cause a harsh or unfair result. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

### III. Conclusion

For these reasons, Defendant AM1 asks the Court to set aside the entry of default.

Respectfully Submitted,

/s/   *Aaron P. Peacock*
Aaron P. Peacock
State Bar No. 24060399
J.B. Peacock, Jr.
State Bar No. 15678500
David M. Vereeke
State Bar No. 20547500

**GAGNON, PEACOCK & VEREEKE PLLC**
4245 N. Central Expressway
Suite 250, Lock Box 104
Dallas, Texas 75205
Telephone:  (214) 824-1414
Facsimile:   (214) 824-5490
Email:  attorneys@gapslaw.com

ATTORNEYS FOR DEFENDANTS
AM WHOLESALE, INC., ALI RAZA
RAVJANI, AMAFHH INTERNATIONAL,
INC., AMAFHH CENTER, INC. and
MOHSIN RAZA RAVJANI

## DECLARATION

"I declare under penalty of perjury under the laws of the United States of America that upon information and belief the foregoing is true and correct."

/s/   *Aaron P. Peacock*
Aaron P. Peacock

## CERTIFICATE OF CONFERENCE

This certifies that I contacted the attorney for Plaintiff, Ms. Ashly Sands, to discuss the merits of this motion. Ms. Sands is UNOPPOSED.

                    /s/   *Aaron P. Peacock*
                    Of Gagnon, Peacock & Vereeke, PLLC

## CERTIFICATE OF SERVICE

The following document was served on Steven Abbott and Ashly Sands (and all parties receiving electronic service) per the local and federal rules of procedure via either forwarding the same as first-class mail with the United States Postal Service or by causing same to be filed in this case via electronic transmission via portable document format (.pdf) to the EM/ECF Internet web portal for this Court in this case on the 5th day of June, 2014.

                    /s/   *Aaron P. Peacock*
                    Of Gagnon, Peacock & Vereeke, PLLC