**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| ROVIO ENTERTAINMENT LTD., | § | |
| | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | Case No.: 3:13-cv-04719-G |
| | § | |
| AM WHOLESALE INC., *et al*, | § | |
| | § | |
| | § | |
| *Defendants*. | § | |

**DEFENDANT AM1 WHOLESALE INC'S ANSWER AND
COUNTERCLAIM TO PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE U.S. DISTRICT JUDGE:**

NOW COMES, AM1 WHOLESALE, INC., Defendant, and file this its Original Answer and Counterclaim to Plaintiff's Original Complaint and for answer would respectfully show unto the Court as follows, to-wit:

## I.     ORIGINAL COMPLAINT

### Factual Allegations

1.      Defendant contends that the allegations in paragraph 1 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered.  In the alternative, if they have to be answered, then Defendant denies them.

2.      Defendant contends that the allegations in paragraph 2 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered.  In the alternative, if they have to be answered, then Defendant denies them.

3.      Defendant admits that venue is proper but denies the remaining allegations in paragraph 3.

4.      Defendant admits that the Court has personal jurisdiction over Defendant but deny the remaining allegations in paragraph 4.

5.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 5.

6.      Defendant contends that the allegations in paragraph 6 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered.  In the alternative, if they have to be answered, then Defendant denies them.

7.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 7.

8.      Defendant denies that Ali Rajvani is an officer, director, principal, shareholder and/or owner of it and lacks knowledge or information sufficient to form a belief as the truth of the remaining assertions in paragraph 8.

9.      Defendant admits that it is Texas Corporation, which has been dissolved.

10.      Defendant admits that Mohammed Ravjani is an officer, director, principal, shareholder and/or owner of it albeit is it now defunct and dissolved but denies the remaining allegations.

11.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 11.

12.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 11.

13.      Defendant admits that Mohsin Ravjani is an officer, director, principal, shareholder and/or owner of it albeit it is now defunct and dissolved but denies the remaining allegations.

**DEFENDANT AM1 WHOLESALE INC.'S ANSWER AND COUNTERCLAIM TO PLAINTFF'S ORIGINAL COMPLAINT**
AM1 Wholesale Inc.

Page 2 of 16

14.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 14.

15.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 15.

16.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 16.

17.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 17.

18.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 18.

19.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 19.

20.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 20.

21.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 21.

22.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 22.

23.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 23.

24.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 24.

25.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 25.

26.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 26.

27.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 27.

28.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 28.

29.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 29.

30.     Defendant contends that the allegations in paragraph 30 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered.   In the alternative, if they have to be answered, then Defendant denies them.

31.     Defendant contends that the allegations in paragraph 31 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered.   In the alternative, if they have to be answered, then Defendant denies them.

32.     Defendant contends that the allegations in paragraph 32 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered.   In the alternative, if they have to be answered, then Defendant denies them.

33.     Defendant contends that the allegations in paragraph 33 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered.   In the alternative, if they have to be answered, then Defendant denies them.

**DEFENDANT AM1 WHOLESALE INC.'S ANSWER AND COUNTERCLAIM TO PLAINTFF'S ORIGINAL COMPLAINT**
AM1 Wholesale Inc.

Page 4 of 16

34.     Defendant contends that the allegations in paragraph 34 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered.  In the alternative, if they have to be answered, then Defendant denies them.

35.     Defendant contends that the allegations in paragraph 35 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered.  In the alternative, if they have to be answered, then Defendant denies them.

36.     Defendant contends that the allegations in paragraph 36 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered.  In the alternative, if they have to be answered, then Defendant denies them.

37.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 37.

38.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 38.

39.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 39.

40.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 40.

41.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 41.

42.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 42.

43.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 43.

44.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 44.

45.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 45.

46.     Defendant contends that the allegations in paragraph 46 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered.  In the alternative, if they have to be answered, then Defendant denies them.

47.     Defendant contends that the allegations in paragraph 47 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered.  In the alternative, if they have to be answered, then Defendant denies them.

48.     Defendant contends that the allegations in paragraph 48 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered.  In the alternative, if they have to be answered, then Defendant denies them.

49.     Defendant contends that the allegations in paragraph 49 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered.  In the alternative, if they have to be answered, then Defendant denies them.

50.     Defendant contends that the allegations in paragraph 50 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered.  In the alternative, if they have to be answered, then Defendant denies them.

51.     Defendant contends that the allegations in paragraph 51 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered.  In the alternative, if they have to be answered, then Defendant denies them.

**DEFENDANT AM1 WHOLESALE INC.'S ANSWER AND COUNTERCLAIM TO PLAINTFF'S ORIGINAL COMPLAINT**
AM1 Wholesale Inc.

Page 6 of 16

52.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 52.

53.    Defendant contends that the allegations in paragraph 53 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered.  In the alternative, if they have to be answered, then Defendant denies them.

54.    Defendant denies the allegations in paragraph 54.  Paragraph 54 calls for a legal conclusion.

55.    Defendant denies the allegations in paragraph 55.  Paragraph 55 calls for a legal conclusion.

56.    Defendant denies the allegations in paragraph 56.  Paragraph 56 calls for a legal conclusion.

57.    Defendant denies the allegations in paragraph 57.  Paragraph 57 calls for a legal conclusion.

58.    Defendant dies the allegations in paragraph 58.  Paragraph 58 is vague and ambiguous because of the phrase "in some instances" and calls for a legal conclusion.

59.    Defendant denies the allegations in paragraph 59.  Paragraph 59 calls for a legal conclusion.

60.    Defendant denies the allegations in paragraph 60.  Paragraph 60 is vague and ambiguous because of the phrase "authentic products" and calls for a legal conclusion.

61.    Defendant denies the allegations in paragraph 61.  Paragraph 61 calls for a legal conclusion.

62.    Defendant denies the allegations in paragraph 62.

**DEFENDANT AM1 WHOLESALE INC.'S ANSWER AND COUNTERCLAIM TO PLAINTFF'S ORIGINAL COMPLAINT**
AM1 Wholesale Inc.

Page 7 of 16

63.     Defendant denies the allegations in paragraph 63.  Paragraph 63 calls for a legal conclusion.

64.     Defendant denies the allegations in paragraph 64.  Paragraph 64 calls for a legal conclusion.

65.     Defendant denies the allegations in paragraph 65.  Paragraph 65 calls for a legal conclusion.

## Causes of Action

## Federal Copyright Infringement

66.     Defendant contends that the allegations in paragraph 66 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered.  In the alternative, if they have to be answered, then Defendant denies them.

67.     Defendant contends that the allegations in paragraph 67 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered.  In the alternative, if they have to be answered, then Defendant denies them.

68.     Defendant denies the allegations in paragraph 68.

69.     Defendant contends that the allegations in paragraph 69 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered.  In the alternative, if they have to be answered, then Defendant denies them.

70.     Defendant denies the allegations in paragraph 70.  Paragraph 70 calls for a legal conclusion.

71.     Defendant denies the allegations in paragraph 71.  Paragraph 71 calls for a legal conclusion.

72.     Defendant denies the allegations in paragraph 72.  Paragraph 72 calls for a legal conclusion.

**Trademark Counterfeiting Under Sections 32, 34 and 35 of the Lanham Act**

73.     Defendant contends that the allegations in paragraph 73 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered.  In the alternative, if they have to be answered, then Defendant denies them.

74.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 74.

75.     Defendant contends that the allegations in paragraph 75 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered.  In the alternative, if they have to be answered, then Defendant denies them.

76.     Defendant contends that the allegations in paragraph 76 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered.  In the alternative, if they have to be answered, then Defendant denies them.

77.     Defendant denies the allegations in paragraph 77.  Paragraph 77 calls for a legal conclusion.

78.     Defendant contends that the allegations in paragraph 78 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered.  In the alternative, if they have to be answered, then Defendant denies them.

79.     Defendant contends that the allegations in paragraph 79 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered.  In the alternative, if they have to be answered, then Defendant denies them.

**DEFENDANT AM1 WHOLESALE INC.'S ANSWER AND COUNTERCLAIM TO PLAINTFF'S ORIGINAL COMPLAINT**
AM1 Wholesale Inc.

Page 9 of 16

80.     Defendant contends that the allegations in paragraph 80 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered.   In the alternative, if they have to be answered, then Defendant denies them.

**Infringement of Registered Mark**

81.     Defendant contends that the allegations in paragraph 81 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered.   In the alternative, if they have to be answered, then Defendant denies them.

82.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 82.

83.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 83.

84.     Defendant denies the allegations in paragraph 84.

85.     Defendant admits that it did not obtain the consent of Plaintiff in selling its goods or services but denies the remaining allegations in paragraph 85.   Paragraph 85 calls for a legal conclusion.

86.     Defendant denies the allegations in paragraph 86.   Paragraph 86 calls for a legal conclusion.

87.     Defendant denies the allegations in paragraph 87.   Paragraph 87 calls for a legal conclusion.

88.     Defendant denies the allegations in paragraph 88.   Paragraph 88 calls for a legal conclusion.

89.     Defendant denies the allegations in paragraph 89.

90.     Defendant denies the allegations in paragraph 90.  Paragraph 90 calls for a legal conclusion.

91.     Defendant denies the allegations in paragraph 91.  Paragraph 91 calls for a legal conclusion.

## False Designation of Origin, Passing Off & Unfair Competition

92.     Defendant contends that the allegations in paragraph 92 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered.  In the alternative, if they have to be answered, then Defendant denies them.

93.     Defendant contends that the allegations in paragraph 93 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered.  In the alternative, if they have to be answered, then Defendant denies them.

94.     Defendant contends that the allegations in paragraph 94 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered.  In the alternative, if they have to be answered, then Defendant denies them.

95.     Defendant denies the allegation in paragraph 95.  Paragraph 95 calls for a legal conclusion.

96.     Defendant contends that the allegations in paragraph 96 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered.  In the alternative, if they have to be answered, then Defendant denies them.

97.     Defendant contends that the allegations in paragraph 97 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered.  In the alternative, if they have to be answered, then Defendant denies them.

98.     Defendant contends that the allegations in paragraph 98 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered.  In the alternative, if they have to be answered, then Defendant denies them.

99.     Defendant contends that the allegations in paragraph 99 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered.  In the alternative, if they have to be answered, then Defendant denies them.

100.    Defendant contends that the Plaintiff's Prayer relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered.  In the alternative, if they have to be answered, then Defendant denies them.

## II.     AFFIRMATIVE DEFENSES

101.    Without accepting the burden of proof for any issues on which Defendant does not have the burden as a matter of law, Defendant sets forth the following affirmative defenses and other defensive matters:

   a.      Plaintiff's claims are barred by the statute of limitations.

   b.      Plaintiff's claims are barred by latches.

   c.      Plaintiff's claims are barred by the doctrine of unclean hands.

   d.      Plaintiff's claims are barred because it fails to state a claim upon which relief can be granted.

   e.      Plaintiff's claims are barred because of the prior use of the mark, if any, by Defendant.

   f.      Plaintiff's claims are barred by the doctrine of fair use.

   g.      Plaintiff's claims are barred because it has abandoned the mark(s), if any.

   h.      Plaintiff's claims are barred by the doctrine of first sale/exhaustion.

i.     Plaintiff's claims are barred by the doctrine of misuse.

j.     Plaintiff's claims are barred because of its fraudulent procurement of its trademark registrations having numbers 4,200,545, 4,148,716, 3,976,576, 4,252,003, 4,145,113 and 3,988,064 in the United States Patent & Trademark Office.   Plaintiff made false representations of material fact in the United States Patent & Trademark Office concerning its bona fide intentions of use the marks in U.S. commerce; Plaintiff had knowledge and belief that that representations were false; Defendant intent was to induce the United States Patent & Trademark Office to act in reliance on its misrepresentations; the United States Patent & Trademark Office did rely on its misrepresentations by issuing it several registrations; as a result, Defendant has been damaged by the United States Patent & Trademark Office's reliance on the misrepresentations.

## III.     COUNTERCLAIM

102.     Pleading now in the affirmative, Defendant plead that it is entitled to a judgment on the following claims for relief:

### Causes of Action

### Count 1

### Cancellation of U.S. Reg. No. 4,200,545

103.     Defendant is likely to be damaged by continued registration of Plaintiff's U.S. Trademark Registration No. 4,200,545.   Defendant has a valid and legal right to describe by use of the term registered as a trademark by Plaintiff.   Defendant is likely to be damaged by continuous registration of said term in that the *prima facie* evidentiary effect of such registration tends to impair Defendant's right to descriptive use of said term.   Therefore, pursuant to 15 U.S.C.A. § 1119, Defendant requests that this Court cancel the registration.

## Count 2

### Cancellation of U.S. Reg. No. 4,148,716

104.    Defendant is likely to be damaged by continued registration of Plaintiff's U.S. Trademark Registration No. 4,148,716.  Defendant has a valid and legal right to describe by use of the term registered as a trademark by Plaintiff.  Defendant is likely to be damaged by continuous registration of said term in that the *prima facie* evidentiary effect of such registration tends to impair Defendant's right to descriptive use of said term.  Therefore, pursuant to 15 U.S.C.A. § 1119, Defendant requests that this Court cancel the registration.

## Count 3

### Cancellation of U.S. Reg. No. 3,976,576

105.    Defendant is likely to be damaged by continued registration of Plaintiff's U.S. Trademark Registration No. 3,976,576.  Defendant has a valid and legal right to describe by use of the term registered as a trademark by Plaintiff.  Defendant is likely to be damaged by continuous registration of said term in that the *prima facie* evidentiary effect of such registration tends to impair Defendant's right to descriptive use of said term.  Therefore, pursuant to 15 U.S.C.A. § 1119, Defendant requests that this Court cancel the registration.

## Count 4

### Cancellation of U.S. Reg. No. 4,252,003

106.    Defendant is likely to be damaged by continued registration of Plaintiff's U.S. Trademark Registration No. 4,252,003.  Defendant has a valid and legal right to describe by use of the term registered as a trademark by Plaintiff.  Defendant is likely to be damaged by continuous registration of said term in that the *prima facie* evidentiary effect of such registration

tends to impair Defendant's right to descriptive use of said term.  Therefore, pursuant to 15 U.S.C.A. § 1119, Defendant requests that this Court cancel the registration.

### Count 5

### Cancellation of U.S. Reg. No. 4,145,113

107.     Defendant is likely to be damaged by continued registration of Plaintiff's U.S. Trademark Registration No. 4,145,113.  Defendant has a valid and legal right to describe by use of the term registered as a trademark by Plaintiff.  Defendant is likely to be damaged by continuous registration of said term in that the *prima facie* evidentiary effect of such registration tends to impair Defendant's right to descriptive use of said term.  Therefore, pursuant to 15 U.S.C.A. § 1119, Defendant requests that this Court cancel the registration.

### Count 6

### Cancellation of U.S. Reg. No. 3,988,064

108.     Defendant is likely to be damaged by continued registration of Plaintiff's U.S. Trademark Registration No. 3,988,064.  Defendant has a valid and legal right to describe by use of the term registered as a trademark by Plaintiff.  Defendant is likely to be damaged by continuous registration of said term in that the *prima facie* evidentiary effect of such registration tends to impair Defendant's right to descriptive use of said term.  Therefore, pursuant to 15 U.S.C.A. § 1119, Defendant requests that this Court cancel the registration.

### IV.     PRAYER

**WHEREFORE, PREMISIS CONSIDERED**, Defendant respectfully requests the following, to-wit:

1.     Plaintiff's request for relief be, in all things, denied;

**DEFENDANT AM1 WHOLESALE INC.'S ANSWER AND COUNTERCLAIM TO PLAINTFF'S ORIGINAL COMPLAINT**
AM1 Wholesale Inc.

Page 15 of 16

2.      That each and all of Defendants affirmative defenses bar the recovery of the Plaintiff's request for relief against Defendant;

3.      That the Court cancel Plaintiff's trademark registrations; and

4.      That Defendant have such other and further relief to which it show itself justly entitled.

Respectfully Submitted,

**GAGNON, PEACOCK & VEREEKE P.C.**
4245 N. Central Expressway
Suite 250, Lock Box 104
Dallas, Texas 75205
Telephone: (214) 824-1414
Facsimile: (214) 824-5490
Email: attorneys@gapslaw.com

By:   /s/   *Aaron P. Peacock*
      Aaron P. Peacock
      State Bar No. 24060399
      J.B. Peacock, Jr.
      State Bar No. 15678500
      David M. Vereeke
      State Bar No. 20547500

ATTORNEYS FOR DEFENDANTS
AM WHOLESALE, INC., AM1
WHOLESALE, INC. ALI RAVJANI,
AMAFHH INTERNATIONAL, INC.,
AMAFHH CENTER, INC. and MOHSIN
RAVJANI

## CERTIFICATE OF SERVICE

The following document was served on Steven Abbott and Ashly Sands (and all parties receiving electronic service) per the local and federal rules of procedure via either forwarding the same as first-class mail with the United States Postal Service or by causing same to be filed in this case via electronic transmission via portable document format (.pdf) to the EM/ECF Internet web portal for this Court in this case on the 6th day of June, 2014.

/s/   *Aaron P. Peacock*
Of Gagnon, Peacock & Vereeke P.C.