**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ROVIO ENTERTAINMENT, LTD.** § | | |
| **Plaintiff,** § | | |
| § | | |
| **v.** § | **CIVIL ACTION NO. 3:13-cv-04719-G** | |
| § | | |
| **AM WHOLESALE, INC., et al.** § | | |
| **Defendant.** § | | |
| § | | |

**DECLARATION OF JASON M. DRANGEL**

I, Jason M. Drangel, hereby declare as follows:

1. I am an attorney with the law firm of Epstein Drangel LLP, located at 60 East 42nd Street, Suite 2410, New York, New York 10165. I am an attorney for the Plaintiff in this action and make and submit this affirmation in connection with Plaintiff's Motion for Default Judgment against Defendant Manuel Sandoval d/b/a Manny's Place (hereinafter, "Defendant").

2. I am over eighteen (18) years of age. I have never been convicted of a felony or any criminal offense involving moral turpitude, and I am fully competent to testify to the matters stated herein. I have personal knowledge of every statement made in this Declaration and such statements are true and correct.

3. We were retained by Plaintiff Rovio Entertainment, Ltd. ("Plaintiff" or "Rovio") in June, 2011 to undertake a comprehensive anti-counterfeiting program in the United States. Since then, we have targeted many sources of counterfeit Angry Birds products based on information obtained from a wide variety of sources.

4. In May, 2013 we were advised by our Texas investigator, Investigation Services Company, LLC ("ISC"), about a company called Manny's Place located at 812 East Amarillo

1

Boulevard in Amarillo, Texas, that was believed to be selling counterfeit Angry Birds products.

5. ISC advised that they would be pursuing the location along with local Amarillo police.

6. ISC was retained by our firm to act on its behalf in pursuit of counterfeit Angry Birds products being sold by Manny's Place.

7. Our law firm has worked with ISC since at least as early as 2011 on investigations involving counterfeit Angry Birds products. We have trained ISC investigators how to distinguish between authentic and counterfeit Angry Birds products at least once a year.

8. Defendant is an individual, having a principal place of business at 812 East Amarillo Boulevard, Amarillo, Texas 79107, and residing at 1015 Sunrise Drive, Amarillo, Texas 79104.

9. We conducted a search of Texas Department of State corporation records for Manny's Place. There are no corporate entities for Manny's Place or any variation thereof.

10. Defendant is not an infant or incompetent persons or in the military service or otherwise exempted under the Service Members Civil Relief Act;

11. Defendant has not appeared in the action.

12. As indicated in the Declaration of Ralph Roberts of ISC (accompanying Plaintiff's Motion for Default Judgment), Defendant was selling a variety of well-known brand counterfeits, including counterfeit Angry Birds products.

13. We have reviewed photographs of the counterfeit Angry Birds products (lanyards, t-shirts, and pillows) seized on May 31, 2013 ("Infringing Products"). The Infringing Products are being held by Amarillo police but are available for the Court's review upon request.

14. Each of the three different types of Infringing Products bear the ANGRY BIRDS

and Red Bird trademarks.  See copies of the Registrations attached to the Levoranta declaration (accompanying Plaintiff's Motion for Default Judgment) as to Exhibit A.

15. Each of the three different types of Infringing Products bear the following copyrighted designs: Black Bird, Red Bird, White Bird, Yellow Bird, Blue Bird, Green Bird protected by U.S. Copyright Registration Nos.: VA1769078 and VA1794919 (Red Bird in 2-D), VA1778703 (Green Bird in 2-D), and VA1778705 (Black Bird, Blue Bird, White Bird, Yellow Bird in 2-D). See copies of the Registrations attached to the Levoranta declaration (accompanying Plaintiff's Motion for Default Judgment) as to Exhibit B.

16. I can confirm that each of the three types of Infringing Products are pirated/ counterfeit because the materials used in the Infringing Products are of inferior quality and the Infringing Products do not bear authentic labeling or hang-tags.

17. The Infringing Products and Authentic Products are nearly identical with only minor variations that most consumers would not recognize.  Plaintiff's designs are highly unique and copyrightable subject matter.  They are birds with no bodies, wings, legs or feet and pigs with no bodies, legs or feet.  There are hundreds of ways to design birds and pig toys using different coloring, appearance, shape, size, pose, feel and pattern (as others have done) to create separable copyrightable designs and to avoid infringing Plaintiff's intellectual property rights.

18. In early settlement discussions with an attorney from our law firm, Defendant indicated that he purchased the infringing products from two other wholesale sources. Attached as **Exhibit 1** is a copy of the correspondence.

19. Our research indicates that Defendant was convicted of Trademark Counterfeiting from an unrelated criminal offense committed on May 21, 2011.  Defendant was sentenced on February 25, 2014.  Attached as **Exhibit 2** are printouts from LEXIS and the Potter County

3

Sherriff's Website: http://w5.co.potter.tx.us/sheriff/roster/Current%20Year/02-February/02-25-14%20Bookin.pdf

20. Coach Inc. sued Defendant regarding the seizure of counterfeit Coach products on June 27, 2013. See Coach Inc. et al v. Manny's Place et al., Civ. 2:13-118. Defendant defaulted in said case also.

21. I notified counsel for Defendant by telephone and e-mail during the week of June 2, 2104 of our intention to file a motion for default judgment on June 6, 2104, as ordered by the Court. I indicated that if counsel for Defendant made an appearance on Defendant's behalf before June 6, 2014, Plaintiff would consent to Defendant's motion to vacate the default and would refrain from filing a motion for default judgment. Counsel for Defendant indicated that he would contact Defendant and see if Defendant wished to retain him for this specific matter. As of the time of filing this Motion, Counsel for Defendant has not confirmed representation of Defendant.

I declare under the penalty of perjury that to the best of my knowledge the foregoing is true and correct.

Executed on this 6th day of June 2014 in New York, N.Y.

Dated: 6/6/14

By: _____
Jason M. Drangel