**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| ROVIO ENTERTAINMENT LTD., | § § § | |
| *Plaintiff*, | § | |
| v. | § | Case No.: 3:13-cv-04719-G |
| | § | |
| AM WHOLESALE INC., *et al*, | § § § | |
| | § | |
| *Defendants*. | § | |

**DEFENDANTS' ANSWER AND
COUNTERCLAIM TO PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE U.S. DISTRICT JUDGE:**

NOW COME, AM WHOLESALE, INC., ALI RAVJANI, AMAFHH INTERNATIONAL, INC., AMAFHH CENTER, INC., and MOSHIN RAVJANI, Defendants, (hereinafter collectively "Defendants") and file this their Original Answer and Counterclaims to Plaintiff's Original Complaint and for answer would respectfully show unto the Court as follows, to-wit:

### I.   ORIGINAL COMPLAINT

**Factual Allegations**

1. Defendants contend that the allegations in paragraph 1 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered. In the alternative, if they have to be answered, then Defendants deny them.

2. Defendants contend that the allegations in paragraph 2 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered. In the alternative, if they have to be answered, then Defendants deny them.

3. Defendants admit that venue is proper but denies the remaining allegations in paragraph 3.

4. Defendants admit that the Court has personal jurisdiction over Defendants but deny the remaining allegations in paragraph 4.

5. Defendants lack knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 5.

6. Defendants contend that the allegations in paragraph 6 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered. In the alternative, if they have to be answered, then Defendants deny them.

7. Defendant AM Wholesale admits that it is a Texas corporation but denies the remaining allegations in Paragraph 7. Defendants AMAFHH International, Inc., AMAFHH Center, Inc., Ali Ravjani and Mohsin Ravjani lack knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 7.

8. Defendants Ali Ravjani and AM Wholesale, Inc., admit that Ali Ravjani is a principal of AM Wholesale, Inc. but denies that remaining allegations in Paragraph 8. Defendants AMAFHH International, Inc., AMAFHH Center, Inc., and Mohsin Ravjani lack knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 8.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 9.

10. Defendant AM1 Wholesale, Inc., which has been dissolved, admits that Mohammed Ravjani is a principal of it but denies the remaining allegations in paragraph 10. Defendants Ali Ravjani, Mohsin Ravjani, AMAFHH International, Inc., and AMAFHH Center,

Inc., lack knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 10.

11. Defendant AMAFHH International, Inc., admits that it is a Texas Corporation but denies the remaining allegations in Paragraph 11. Defendants AM Wholesale, Inc, Ali Ravjani, Mohsin Ravjani and AMAFHH Center, Inc., lack knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 11.

12. Defendant AMAFHH Center, Inc., which has been dissolved, admits that it is a Texas Corporation but denies the remaining allegations in Paragraph 12. Defendants AM Wholesale, Inc, Ali Ravjani, Mohsin Ravjani and AMAFHH International, Inc., lack knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 12.

13. Defendants Mohsin Ravjani admits that he is an officer of AM1 Wholesale Inc., which has been dissolved, and Defendant Mohsin Ravjani and Defendant AMAFHH International, Inc., admit that Mohsin Ravjani is a principal of AMAFHH International, Inc., and Defendant Moshin Ravjani and AMAFHH Center, Inc., which has been dissolved, admit that Moshin Ravjani is a principal of AMAFHH Center, Inc., but deny the remaining allegations in paragraph 13. Defendants Ali Ravjani and AM Wholesale, Inc., lack knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 13.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 14.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 15.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 16.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 17.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 18.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 19.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 20.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 21.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 22.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 23.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 24.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 25.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 26.

27. Defendants lack knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 27.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 28.

29. Defendants lack knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 29.

30. Defendants contend that the allegations in paragraph 30 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered. In the alternative, if they have to be answered, then Defendants deny them.

31. Defendants contend that the allegations in paragraph 31 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered. In the alternative, if they have to be answered, then Defendants deny them.

32. Defendants contend that the allegations in paragraph 32 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered. In the alternative, if they have to be answered, then Defendants deny them.

33. Defendants contend that the allegations in paragraph 33 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered. In the alternative, if they have to be answered, then Defendants deny them.

34. Defendants contend that the allegations in paragraph 34 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered. In the alternative, if they have to be answered, then Defendants deny them.

35. Defendants contend that the allegations in paragraph 35 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered. In the alternative, if they have to be answered, then Defendants deny them.

36. Defendants contend that the allegations in paragraph 36 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered. In the alternative, if they have to be answered, then Defendants deny them.

37. Defendants lack knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 37.

38. Defendants lack knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 38.

39. Defendants lack knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 39.

40. Defendants lack knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 40.

41. Defendants lack knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 41.

42. Defendants lack knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 42.

43. Defendants lack knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 43.

44. Defendants lack knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 44.

45. Defendants lack knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 45.

**DEFENDANTS' ANSWER AND COUNTERCLAIMS TO PLAINTFF'S ORIGINAL COMPLAINT**   Page 6 of 17
AM Wholesale Inc., Ali Ravjani, AMAFHH International, Inc., AMAFHH Center, Inc., and Mohsin Ravjani

46. Defendants contend that the allegations in paragraph 46 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered. In the alternative, if they have to be answered, then Defendants deny them.

47. Defendants contend that the allegations in paragraph 47 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered. In the alternative, if they have to be answered, then Defendants deny them.

48. Defendants contend that the allegations in paragraph 48 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered. In the alternative, if they have to be answered, then Defendants deny them.

49. Defendants contend that the allegations in paragraph 49 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered. In the alternative, if they have to be answered, then Defendants deny them.

50. Defendants contend that the allegations in paragraph 50 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered. In the alternative, if they have to be answered, then Defendants deny them.

51. Defendants contend that the allegations in paragraph 51 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered. In the alternative, if they have to be answered, then Defendants deny them.

52. Defendants lack knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 52.

53. Defendants contend that the allegations in paragraph 53 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered. In the alternative, if they have to be answered, then Defendants deny them.

54. Defendants deny the allegations in paragraph 54.  Paragraph 54 calls for a legal conclusion.

55. Defendants deny the allegations in paragraph 55.  Paragraph 55 calls for a legal conclusion.

56. Defendants deny the allegations in paragraph 56.  Paragraph 56 calls for a legal conclusion.

57. Defendants deny the allegations in paragraph 57.  Paragraph 57 calls for a legal conclusion.

58. Defendants deny the allegations in paragraph 58.  Paragraph 58 is vague and ambiguous and calls for a legal conclusion.

59. Defendants deny the allegations in paragraph 59.  Paragraph 59 calls for a legal conclusion.

60. Defendants deny the allegations in paragraph 60.  Paragraph 60 is vague and ambiguous and calls for a legal conclusion.

61. Defendants deny the allegations in paragraph 61.  Paragraph 61 calls for a legal conclusion.

62. Defendants deny the allegations in paragraph 62.

63. Defendants deny the allegations in paragraph 63.  Paragraph 63 calls for a legal conclusion.

64. Defendants deny the allegations in paragraph 64.  Paragraph 64 calls for a legal conclusion.

65. Defendants deny the allegations in paragraph 65.  Paragraph 65 calls for a legal conclusion.

## Causes of Action

### Federal Copyright Infringement

66. Defendants contend that the allegations in paragraph 66 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered. In the alternative, if they have to be answered, then Defendants deny them.

67. Defendants contend that the allegations in paragraph 67 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered. In the alternative, if they have to be answered, then Defendants deny them.

68. Defendants deny the allegations in paragraph 68.

69. Defendants contend that the allegations in paragraph 69 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered. In the alternative, if they have to be answered, then Defendants deny them.

70. Defendants deny the allegations in paragraph 70. Paragraph 70 calls for a legal conclusion.

71. Defendant denies the allegations in paragraph 71. Paragraph 71 calls for a legal conclusion.

72. Defendants deny the allegations in paragraph 72. Paragraph 72 calls for a legal conclusion.

### Trademark Counterfeiting Under Sections 32, 34 and 35 of the Lanham Act

73. Defendants contend that the allegations in paragraph 73 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered. In the alternative, if they have to be answered, then Defendants deny them.

74. Defendants lack knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 74.

75. Defendants contend that the allegations in paragraph 75 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered. In the alternative, if they have to be answered, then Defendants deny them.

76. Defendants contend that the allegations in paragraph 76 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered. In the alternative, if they have to be answered, then Defendant deny them.

77. Defendants deny the allegations in paragraph 77. Paragraph 77 calls for a legal conclusion.

78. Defendants contend that the allegations in paragraph 78 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered. In the alternative, if they have to be answered, then Defendants deny them.

79. Defendants contend that the allegations in paragraph 79 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered. In the alternative, if they have to be answered, then Defendants deny them.

80. Defendants contend that the allegations in paragraph 80 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered. In the alternative, if they have to be answered, then Defendants deny them.

**Infringement of Registered Mark**

81. Defendants contend that the allegations in paragraph 81 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered. In the alternative, if they have to be answered, then Defendants deny them.

82. Defendants lack knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 82.

83. Defendants lack knowledge or information sufficient to form a belief as to the truth of the assertion in paragraph 83.

84. Defendants deny the allegations in paragraph 84.

85. Defendants admit that they did not obtain the consent of Plaintiff in selling their goods or services but denies the remaining allegations in paragraph 85. Paragraph 85 calls for a legal conclusion.

86. Defendants deny the allegations in paragraph 86. Paragraph 86 calls for a legal conclusion.

87. Defendants deny the allegations in paragraph 87. Paragraph 87 calls for a legal conclusion.

88. Defendants deny the allegations in paragraph 88. Paragraph 88 calls for a legal conclusion.

89. Defendants deny the allegations in paragraph 89.

90. Defendants deny the allegations in paragraph 90. Paragraph 90 calls for a legal conclusion.

91. Defendants deny the allegations in paragraph 91. Paragraph 91 calls for a legal conclusion.

### False Designation of Origin, Passing Off & Unfair Competition

92. Defendants contend that the allegations in paragraph 92 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered. In the alternative, if they have to be answered, then Defendants deny them.

93. Defendants contend that the allegations in paragraph 93 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered. In the alternative, if they have to be answered, then Defendants deny them.

94. Defendants contend that the allegations in paragraph 94 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered. In the alternative, if they have to be answered, then Defendants deny them.

95. Defendants deny the allegation in paragraph 95. Paragraph 95 calls for a legal conclusion.

96. Defendants contend that the allegations in paragraph 96 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered. In the alternative, if they have to be answered, then Defendants deny them.

97. Defendants contend that the allegations in paragraph 97 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered. In the alternative, if they have to be answered, then Defendants deny them.

98. Defendants contend that the allegations in paragraph 98 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered. In the alternative, if they have to be answered, then Defendants deny them.

99. Defendants contend that the allegations in paragraph 99 relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered. In the alternative, if they have to be answered, then Defendants deny them.

100. Defendants contend that the Plaintiff's Prayer relate to legal issues/matters and/or call for a legal conclusion and do not need to be answered. In the alternative, if they have to be answered, then Defendants deny them.

## II.     AFFIRMATIVE DEFENSES

101.    Without accepting the burden of proof for any issues on which Defendants do not have the burden as a matter of law, Defendants set forth the following affirmative defenses and other defensive matters:

    a.   Plaintiff's claims are barred by the statute of limitations.

    b.   Plaintiff's claims are barred by latches.

    c.   Plaintiff's claims are barred by the doctrine of unclean hands.

    d.   Plaintiff's claims are barred because it fails to state a claim upon which relief can be granted.

    e.   Plaintiff's claims are barred because of the prior use of the mark, if any, by Defendant.

    f.   Plaintiff's claims are barred by the doctrine of fair use.

    g.   Plaintiff's claims are barred because it has abandoned the mark(s), if any.

    h.   Plaintiff's claims are barred by the doctrine of first sale/exhaustion.

    i.   Plaintiff's claims are barred by the doctrine of misuse.

    j.   Plaintiff's claims are barred because of its fraudulent procurement of its trademark registrations having numbers 4,200,545, 4,148,716, 3,976,576, 4,252,003, 4,145,113 and 3,988,064 in the United States Patent & Trademark Office. Plaintiff made false representations of material fact in the United States Patent & Trademark Office concerning its bona fide intentions of use of the marks in U.S. commerce; Plaintiff had knowledge and belief that that representations were false; Defendant intent was to induce the United States Patent & Trademark Office to act in reliance on its misrepresentations; the United States Patent & Trademark Office did rely on its misrepresentations by issuing it several registrations; as a result,

Defendants have been damaged by the United States Patent & Trademark Office's reliance on the misrepresentations.

## III.   COUNTERCLAIM

102.   Pleading now in the affirmative, Defendants plead that it is entitled to a judgment on the following claims for relief:

### Causes of Action

### Count 1

### Cancellation of U.S. Reg. No. 4,200,545

103.   Defendants are likely to be damaged by continued registration of Plaintiff's U.S. Trademark Registration No. 4,200,545.  Defendants have a valid and legal right to describe by use of the term registered as a trademark by Plaintiff.  Defendants are likely to be damaged by continuous registration of said term in that the *prima facie* evidentiary effect of such registration tends to impair Defendants' right to descriptive use of said term.  Therefore, pursuant to 15 U.S.C.A. § 1119, Defendants request that this Court cancel the registration.

### Count 2

### Cancellation of U.S. Reg. No. 4,148,716

104.   Defendants are likely to be damaged by continued registration of Plaintiff's U.S. Trademark Registration No. 4,148,716.  Defendants have a valid and legal right to describe by use of the term registered as a trademark by Plaintiff.  Defendants are likely to be damaged by continuous registration of said term in that the *prima facie* evidentiary effect of such registration tends to impair Defendants' right to descriptive use of said term.  Therefore, pursuant to 15 U.S.C.A. § 1119, Defendants request that this Court cancel the registration.

**Count 3**

**Cancellation of U.S. Reg. No. 3,976,576**

105. Defendants are likely to be damaged by continued registration of Plaintiff's U.S. Trademark Registration No. 3,976,576. Defendants have a valid and legal right to describe by use of the term registered as a trademark by Plaintiff. Defendants are likely to be damaged by continuous registration of said term in that the *prima facie* evidentiary effect of such registration tends to impair Defendants' right to descriptive use of said term. Therefore, pursuant to 15 U.S.C.A. § 1119, Defendants request that this Court cancel the registration.

**Count 4**

**Cancellation of U.S. Reg. No. 4,252,003**

106. Defendants are likely to be damaged by continued registration of Plaintiff's U.S. Trademark Registration No. 4,252,003. Defendants have a valid and legal right to describe by use of the term registered as a trademark by Plaintiff. Defendants are likely to be damaged by continuous registration of said term in that the *prima facie* evidentiary effect of such registration tends to impair Defendants' right to descriptive use of said term. Therefore, pursuant to 15 U.S.C.A. § 1119, Defendants request that this Court cancel the registration.

**Count 5**

**Cancellation of U.S. Reg. No. 4,145,113**

107. Defendant are likely to be damaged by continued registration of Plaintiff's U.S. Trademark Registration No. 4,145,113. Defendants have a valid and legal right to describe by use of the term registered as a trademark by Plaintiff. Defendants are likely to be damaged by continuous registration of said term in that the *prima facie* evidentiary effect of such registration

tends to impair Defendants' right to descriptive use of said term. Therefore, pursuant to 15 U.S.C.A. § 1119, Defendants request that this Court cancel the registration.

## Count 6

### Cancellation of U.S. Reg. No. 3,988,064

108. Defendants are likely to be damaged by continued registration of Plaintiff's U.S. Trademark Registration No. 3,988,064. Defendants have a valid and legal right to describe by use of the term registered as a trademark by Plaintiff. Defendants are likely to be damaged by continuous registration of said term in that the *prima facie* evidentiary effect of such registration tends to impair Defendants' right to descriptive use of said term. Therefore, pursuant to 15 U.S.C.A. § 1119, Defendants request that this Court cancel the registration.

## IV. PRAYER

**WHEREFORE, PREMISIS CONSIDERED**, Defendants respectfully request the following, to-wit:

1. Plaintiff's request for relief be, in all things, denied;

2. That each and all of Defendants' affirmative defenses bar the recovery of the Plaintiff's request for relief against Defendants;

3. That the Court cancel Plaintiff's trademark registrations; and

4. That Defendants have such other and further relief to which it show itself justly entitled.

Respectfully Submitted,

/s/ *Aaron P. Peacock*
Aaron P. Peacock
State Bar No. 24060399
J.B. Peacock, Jr.
State Bar No. 15678500
David M. Vereeke
State Bar No. 20547500
**GAGNON, PEACOCK & VEREEKE P.C.**
4245 N. Central Expressway
Suite 250, Lock Box 104
Dallas, Texas 75205
Telephone: (214) 824-1414
Facsimile: (214) 824-5490
Email: attorneys@gapslaw.com

ATTORNEYS FOR DEFENDANTS
AM WHOLESALE, INC., AM1
WHOLESALE, INC. ALI RAVJANI,
AMAFHH INTERNATIONAL, INC.,
AMAFHH CENTER, INC. and MOHSIN
RAVJANI

## CERTIFICATE OF SERVICE

The following document was served on Steven Abbott and Ashly Sands (and all parties receiving electronic service) per the local and federal rules of procedure via either forwarding the same as first-class mail with the United States Postal Service or by causing same to be filed in this case via electronic transmission via portable document format (.pdf) to the EM/ECF Internet web portal for this Court in this case on the 30th day of June, 2014.

/s/ *Aaron P. Peacock*
Of Gagnon, Peacock & Vereeke P.C.